## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CAUSE OF ACTION INSTITUTE )
1919 Pennsylvania Avenue, NW, Suite 650 )
Washington, DC 20006, )
       )
       Plaintiff, )
       )
       v. )
       )
INTERNAL REVENUE SERIVCE )
1111 Constitution Avenue, NW )
Washington, DC 20224, )
       )
       and )
       )
UNITED STATES DEPARTMENT OF JUSTICE )
950 Pennsylvania Avenue, NW )
Washington, DC 20530, )
       )
       Defendants. )
_____ )

## COMPLAINT

This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"),

seeking the release of records relating to how the federal government protects Americans'

private tax information when government attorneys have the power to access and disclose that

information.  These records have been requested by Plaintiff Cause of Action Institute ("Cause

of Action") and improperly withheld by the Internal Revenue Service ("IRS") and United States

Department of Justice ("DOJ") (collectively, "Defendants").

## NATURE OF ACTION

1.     Since 2012, the IRS has been scrutinized in the media and in Congress for its

targeting of politically disfavored groups.  As part of its investigation into this targeting, the

Committee on Oversight and Government Reform at the U.S. House of Representatives discovered that Andrew Strelka, a former attorney in the Exempt Organizations Division of the IRS involved in the targeting, later became a trial attorney in the DOJ Tax Division and represented the IRS Commissioner in litigation against at least one such targeted group: Z Street, Inc.  Congressman Darrell Issa, the former Chairman of that Committee, called this a "conflict of interest."  Letter from Rep. Darrell Issa & Rep. Jim Jordan, U.S. H.R., to Eric H. Holder, U.S. Att'y Gen., Dep't of Justice at 3-4 (Aug. 25, 2014), *available at* http://goo.gl/4YfyYM.  But that was only part of the story.  Mr. Strelka left the DOJ on a detail to serve as clearance counsel in the Office of the White House Counsel in the Executive Office of the President ("OWHC").

2.     Similarly, Norah E. Bringer, who also represented the IRS Commissioner in the lawsuit against Z Street, represented the Treasury Inspector General for Tax Administration ("TIGTA") and the IRS in a pair of related FOIA lawsuits brought by Cause of Action concerning the unauthorized disclosure of 26 U.S.C. § 6103 information by the IRS and unauthorized access of that information by the White House.  During the course of Ms. Bringer's representation in these cases, she accessed confidential taxpayer return information and, as the report of the Committee on Oversight and Government Reform on the IRS targeting suggests, so did Mr. Strelka.  *See* U.S. H.R., Comm. on Oversight & Gov. Reform, *The Internal Revenue Service's Targeting of Conservative Tax Exempt Applicants: Report of Findings for the 113th Congress*, at 167-70 (Dec. 23, 2014), *available at* http://goo.gl/viFEi2.  Ms. Bringer's representation lasted until she withdrew to begin her detail at OWHC.

3.     In part as a result of the above, Cause of Action has been investigating the legal and ethical concerns raised by the detailing of government lawyers to OWHC.  These detailed attorneys, many of whom have been involved in controversial matters involving the confidential

tax information of U.S. citizens, have served the President as "clearance counsel" – that is,
vetting the President's nominees by, among other means, examining their tax returns and/or
return information.  During this investigation, Defendants have disclosed no existing policies,
procedures, rules or guidelines to ensure that detailed attorneys are appropriately screened to
prevent confidential taxpayer returns or return information from being unlawfully accessed or
disclosed.  This means that Americans' most private information may have been inappropriately
disclosed to the White House.

4.      Federal law permits employees of any "department, agency, or independent
establishment of the executive branch" to be detailed to the White House in order to assist and
advise the President.  3 U.S.C. §§ 112-13; *see also* Robert F. Diegelman, Acting Ass't. Att'y
Gen. for Admin., Memorandum to the Heads of Department Components Concerning the
Approval of and Reimbursement for White House and Other Details (Aug. 30, 2002), *available
at* http://goo.gl/2IhRoN (explaining the detailing process).  Publicly-available information
concerning details to the White House demonstrates that, contrary to historical practice where the
White House sought attorney-detailees from outside of the Tax Division of the DOJ, the current
Administration primarily relies on the DOJ Tax Division to provide support for its "clearance
counsel" function, vetting potential candidates for appointment by President Obama to high-
ranking government posts.

5.      The detailing of Tax Division attorneys to the White House is of serious concern
because these lawyers, while still at DOJ, obtain unique access to the confidential taxpayer
information of parties under investigation or in litigation with the United States.  These lawyers
bring this knowledge with them to the White House, and then, while at the White House, they

obtain access to additional confidential tax information relating to the President's potential

nominees for executive and judicial appointments.

6.      Specifically, the White House uses clearance counsel principally to conduct tax

checks on potential nominees via consent under I.R.C. § 6103(c) even though Congress

specifically requires the President to go through a formal process to obtain such information.  *See*

26 U.S.C. § 6103(g)(2) (authorizing disclosure of "return information" which "shall be limited"

to four enumerated items).  Indeed, no President in modern times has ever made a § 6103(g)

request.  *See* Office of Tax Policy, Dep't of the Treas., *Report to the Congress on Scope and Use*

*of Taxpayer Confidentiality and Disclosure Provisions* 72 (Vol. I: Study of General Provisions)

(Oct. 2000), *available at* http://goo.gl/p9eo0w; *Tierney v. Schweiker*, 718 F.2d 449, 456 (D.C.

Cir. 1983) ("In light of [§ 6103's] legislative history, the IRS cannot use the consent exception of

§ 6103(c) as a 'catch-all' provision to circumvent the general rule of confidentiality established

by Congress."); J. Comm. on Taxation, Study of Present-Law Taxpayer Confidentiality and

Disclosure Provisions as Required by Section 3802 of the Internal Revenue Service

Restructuring and Reform Act of 1998, vol. 1, at 228 (2000) (warning IRS about potential for

abuse).

7.      There is no evidence that any safeguards existed, or presently exist, to protect the

confidentiality of information accessed by any attorney before, during the course of, or after

(when they return to their original positions or move to another employment position, whether in

the government or in the private sector) their details at the White House.

8.      In light of these concerns, on April 15, 2015, Cause of Action requested that the

DOJ Inspector General investigate DOJ's practice of detailing attorneys to the White House.  *See*

Letter from Cause of Action to Michael E. Horowitz, Inspector Gen., Dep't of Justice (April 15,

2015), *available at* http://causeofaction.org/assets/uploads/2015/05/261966294-CoA-DOJ-OIG-Letter.pdf.  To date, however, the Inspector General has not conducted an investigation on this issue.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 552(a)(4)(B), (a)(6)(E)(iii).

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

11.     Cause of Action is a non-profit strategic oversight group committed to ensuring that the regulatory process is transparent, fair, and accountable.  In furtherance of its mission, Cause of Action regularly requests access to the public records of federal agencies, entities, and offices, and disseminates its findings, analysis, and commentary to the general public.

12.     IRS is an agency within the meaning of 5 U.S.C. § 552(f)(1) and has possession, custody, and control of records to which Cause of Action seeks access and which are the subject of this Complaint.

13.     DOJ is an agency within the meaning of 5 U.S.C. § 552(f)(1).  Multiple agency components within DOJ have possession, custody, and control of records to which Cause of Action seeks access and which are the subject of this Complaint: the Tax Division ("DOJ-TAX"), the Professional Responsibility Advisory Office ("PRAO"), and the Justice Management Division ("JMD").

## STATEMENT OF FACTS

**A.     Cause of Action's October 2014 FOIA Request to IRS**

14.     On October 30, 2014, Cause of Action submitted a FOIA request to IRS seeking access to all records reflecting communications between specified senior IRS officials and any individual using an e-mail address associated with TIGTA or the Executive Office of the President ("EOP").  Ex. 1 (hereinafter "October 2014 IRS Request").  Cause of Action requested that IRS restrict its search to records regarding "Norah E. Bringer" or reasonable variations of or substitutes for that individual's name.  *Id.*  The time period for the request was "June 19, 2013 to the present."  *Id.*

15.     By letter dated November 7, 2014, IRS provided its response to the October 2014 IRS Request, administratively "closing [it] as imperfect[.]"  Ex. 2.

16.     On January 5, 2015, Cause of Action timely appealed the administrative closure of the October 2014 IRS Request.  Ex. 3.  Cause of Action argued that the request was proper because it identified likely records custodians and conformed to all applicable FOIA regulations, insofar as it provided a clear description of the requested records and contained the necessary citations and arguments for news media fee requester status and public interest fee waiver.  *Id.* Instead, IRS had confused Cause of Action's FOIA request with its public interest fee waiver argument, the consideration of which is a distinct matter unrelated to the perfection of a request. Additionally, even if the request were defective, Cause of Action argued, IRS had failed to conform to its regulations by not notifying Cause of Action of how its request was "defective" or of the thirty-five (35) day period within which Cause of Action could attempt to perfect the request.  *Id.*; *see also* Internal Revenue Manual 11.3.13.5.5(2); 26 C.F.R. § 601.702(c)(1)(i).

17.     By letter dated February 3, 2015, IRS acknowledged its error and reopened the October 2014 IRS Request, assigning it a new tracking number (F15008-0033).  Ex. 4.  IRS invoked a ten-day extension of its response deadline in order to "search for, collect, and review responsive records from other locations."  *Id.*  IRS purported to further extend the response deadline to May 5, 2015 and indicated that Cause of Action's failure to reply to IRS's letter would be considered an agreement to the extension of time.  *Id.*

18.     IRS failed to make a determination as to the October 2014 IRS Request before May 5, 2015, despite self-extending its deadline to that date.  Rather, by letter dated April 30, 2015, IRS notified Cause of Action that it needed at least another fifty-six days, until June 30, 2015, to complete its processing of Cause of Action's request.  Ex. 5.

19.     It has been nearly seven months since Cause of Action submitted the October 2014 IRS Request.  IRS has not provided a final response to the October 2014 IRS Request.

**B.     Cause of Action's October 2014 FOIA Request to DOJ-TAX**

20.     On October 30, 2014, Cause of Action submitted a FOIA request to DOJ-TAX seeking access to all records reflecting communications between Ms. Bringer and a number of employees at IRS or any individual using an e-mail address associated with the EOP.  Ex. 6 (hereinafter "October 2014 DOJ-TAX Request").  Cause of Action requested that DOJ restrict its search for these records to those containing the words or phrases, and reasonable variations thereof, "Section 6103" and "return information."  *Id.*  Further, Cause of Action requested records of communications between certain DOJ-TAX employees and individuals at IRS, EOP, and TIGTA, among others, concerning "Norah E. Bringer," or reasonable variations of or substitutes for that individual's name.  *Id.*  The time period for these items was "June 19, 2013 to the present."  *Id.*  Finally, Cause of Action requested "[a]ll records reflecting or containing a list

7

of Tax Division attorneys who have been, or are presently detailed to, the Office of White House

Counsel." *Id.* The time period for this item was "January 20, 2011 to the present." *Id.*

21.     By letter dated January 22, 2014, DOJ-TAX informed Cause of Action that it had

received the October 2014 DOJ-TAX Request. Ex. 7. Additionally, DOJ-TAX notified Cause

of Action that it was "bifurcating this request with three separate tracking numbers" in order to

facilitate "processing and tracking." *Id.* The tracking numbers assigned to the divided request

were "10816" (concerning items 1 and 2 of the October 2014 DOJ-TAX Request), "10828"

(concerning item 3), and "10829" (concerning item 4). *Id.*

22.     In its acknowledgement letter, DOJ-TAX also notified Cause of Action that the

October 2014 DOJ-TAX Request would be "processed on a first-in, first-out basis," and that

DOJ-TAX would be unable to respond within the twenty-day (20) statutory response deadline

due to the complexity of the request. *Id.*

23.     DOJ-TAX provided identical acknowledgment letters for the additional

"bifurcated" request items. Ex. 8 & Ex. 9.

24.     On or about February 11, 2015, DOJ-TAX contacted Cause of Action by phone to

request clarification of the October 2014 DOJ-TAX Request. On or around February 12, 2015,

Cause of Action provided its response, also by phone call. These clarifications included

construing "to the present" to mean "December 31, 2014"; to include the symbol sign ("§") in a

search for records responsive to items 1 and 2 of the October 2014 DOJ-TAX Request; to

include all forms of communication within the scope of item 3, as well as a number of specified

executive officers; and to include producible lists from DOJ's human resources office,

notwithstanding changes in information systems, in response to item 4.

25.     By letter dated March 17, 2015, DOJ-TAX provided a partial determination on item 4 of the October 2014 DOJ-TAX Request.  Ex. 10.  This interim production included a list of nine (9) Tax Division attorneys who were detailed to the White House between April 2009 and December 31, 2014.  *Id.*  DOJ-TAX notified Cause of Action that it would "continue to search to determine whether any records potentially responsive to [item 4] . . . for the period of January 2001 through 2008 can be located."  *Id.*  With the exception of this one page, no documents have been produced by DOJ-TAX.

26.     It has been nearly seven months since Cause of Action submitted the October 2014 DOJ-TAX Request.  DOJ-TAX has not provided a final response to the October 2014 DOJ-TAX Request.

**C.     Cause of Action's April 2015 FOIA Request to DOJ-TAX**

27.     On April 15, 2015, Cause of Action submitted a second FOIA request to DOJ-TAX seeking: (1) all records related to the detailing of DOJ attorneys to OWHC; (2) all records related to requests for details to OWHC, including correspondence reflecting the approval or denial of these requests; (3) all records of correspondence between certain DOJ employees and EOP about details; and (4) all records reflecting a list of DOJ attorneys who have been, or are presently, detailed to the White House.  Ex. 11 (hereinafter "April 2015 DOJ-TAX Request").  The time period for the request was "January 20, 2011 to the present."  *Id.*

28.     By letter dated April 17, 2015, DOJ-TAX informed Cause of Action that it had received the April 2015 DOJ-TAX Request and assigned it a tracking number (10874).  Ex. 12.  DOJ-TAX referred items 1 and 4 of the request to JMD.  *Id.*  DOJ-TAX noted further that the April 2015 DOJ-TAX Request "appears to broaden the scope of [Cause of Action's] pending

request [10829], seeking information about Tax Division attorneys detailed to the Office of the White House." *Id.*

29.     On April 27, 2015, Cause of Action contacted DOJ-TAX by e-mail in response to the April 17, 2015 acknowledgment letter.  Cause of Action informed DOJ-TAX that, with regard to the referral of items 1 and 4 to JMD, Cause of Action still expected DOJ-TAX to conduct a search for responsive records, *e.g.*, division-specific policy or guidance about details to OWHC.  Further, with respect to item 4 and the apparent broadening of the scope of the October 2014 DOJ-TAX Request, Cause of Action clarified that the April 2015 DOJ-TAX Request was different in that it sought a list of *all* DOJ attorneys detailed to *any* White House component.  Finally, Cause of Action expressed its willingness to consider amending the scope of the October 2014 DOJ-TAX Request, if such a modification would not affect the procedural posture of either the October 2014 or April 2015 requests or their order in DOJ's processing queue.  DOJ-TAX has not responded to Cause of Action's April 27, 2015 e-mail.

30.     It has been more than one month since Cause of Action submitted the April 2015 DOJ-TAX Request.  DOJ-TAX has not provided a final response to the April 2015 DOJ-TAX Request.

**D.     Cause of Action's April 2015 FOIA Request to PRAO**

31.     On April 15, 2015, Cause of Action submitted a FOIA request to PRAO seeking: (1) all records related to any "policies, procedures, rules and/or guidelines . . . intended to safeguard or otherwise screen [detailed] DOJ attorneys from the unauthorized disclosure" of confidential information obtained during the course of their representation at DOJ; (2) all records of the same safeguards for DOJ attorneys returning from their details; and (3) all records related

10

to the detailing of DOJ-TAX attorneys to OWHC.  Ex. 13 (hereinafter "April 2015 PRAO Request").  The time period for the request was "January 1, 2009 to the present."  *Id.*

32.      By letter dated May 13, 2015, PRAO acknowledged receipt of the April 2015 PRAO Request and assigned it a tracking number (FOIA-15-018).  Ex. 14 (the letter mistakenly is dated *March* 13).  PRAO notified Cause of Action that it is "conducting, but has not yet completed, a search for [responsive] records[.]"  *Id.*

33.      It has been more than one month since Cause of Action submitted the April 2015 PRAO Request.  PRAO has not provided a final response to the April 2015 PRAO Request.

**E.      Cause of Action's April 2015 FOIA Request to JMD**

34.      On April 15, 2015, Cause of Action submitted by email a FOIA request to JMD seeking: (1) all records related to the detailing of DOJ attorneys to OWHC; (2) all records related to requests for details to OWHC, including correspondence reflecting the approval or denial of these requests; (3) all records of correspondence between certain DOJ employees and EOP about details; and (4) all records reflecting a list of DOJ attorneys who have been, or are presently, detailed to the White House.  Ex. 15 (hereinafter "April 2015 JMD Request").  The time period for this request item was "January 20, 2011 to the present."  *Id.*

35.      As of the date of this Complaint, JMD has failed to acknowledge receipt of the April 2015 JMD Request.

36.      It has been more than one month since Cause of Action submitted the April 2015 JMD Request.  JMD has not provided a final response to the April 2015 JMD Request.

**COUNT I**

**(All Defendants)**

**Violation of FOIA: Failure to Comply with Statutory Deadlines**

37.     Cause of Action hereby incorporates by reference paragraphs 1 through 36, as if set forth fully herein.

38.     FOIA requires agencies to respond to requests within twenty (20) business days or, in "unusual circumstances," within thirty (30) business days.  5 U.S.C. §§ 552(a)(6)(A)-(B). If an agency requires additional time, FOIA mandates that the agency provide requesters "an opportunity to arrange with the agency an alternative time frame for processing the request[.]" *Id.* § 552(a)(6)(B)(ii).

39.     The twenty (20) business day time limit has expired for all of the FOIA requests that are the subject of this Complaint.  Defendants accordingly have improperly denied Cause of Action's access to agency records by failing to issue final determinations on the aforementioned FOIA requests filed in October 2014 and April 2015 within the statutory time limit set forth in 5 U.S.C. § 552(a)(6).

40.     Defendants have further failed to comply with FOIA, insofar as they have not "arrange[d] . . . an alternative time frame" for responding to these requests.  *Id.*  Instead, Defendants have, in some instances, issued acknowledgement letters and/or interim responses that contain neither an estimated date of completion nor an invitation to contact the agency for the purposes of negotiating an "alternative" response date.  In these instances, Cause of Action does not believe it has the ability to arrange for an alternative time frame for Defendants' final responses.  In other instances, Defendants have failed to even acknowledge the FOIA request and/or the agency's obligation to respond in a timely manner as required under FOIA.

12

41.     Cause of Action has fully exhausted its administrative remedies under 5 U.S.C.
§ 552(a)(6)(C).

**RELIEF REQUESTED**

WHEREFORE, Cause of Action respectfully requests and prays this Court:

a.      order Defendants to make a final determination and produce, within 30 days of
the date of the Order, all records responsive to the aforementioned FOIA
requests filed by Cause of Action in October 2014 and April 2015;

b.      award Cause of Action its costs and reasonable attorney fees incurred in this action
pursuant to 5 U.S.C. § 552(a)(4)(E); and,

c.      grant such other relief as the Court may deem just and proper.


Dated:  May 26, 2015                                    Respectfully submitted,

                                                        /s/ Daniel Z. Epstein
                                                        Daniel Z. Epstein
                                                        D.C. Bar No. 1009132
                                                        daniel.epstein@causeofaction.org

                                                        /s/ Prashant K. Khetan
                                                        Prashant K. Khetan
                                                        D.C. Bar No. 477636
                                                        prashant.khetan@causeofaction.org

                                                        /s/ Ryan P. Mulvey
                                                        Ryan P. Mulvey
                                                        D.C. Bar No. 1024362
                                                        ryan.mulvey@causeofaction.org

                                                        CAUSE OF ACTION INSTITUTE
                                                        1919 Pennsylvania Ave., NW, Suite 650
                                                        Washington, DC 20006
                                                        Telephone: (202) 499-4232
                                                        Facsimile: (202) 330-5842

                                                        *Counsel for Plaintiff*